IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN BUTALLA                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 4:08cv51-LRA

CHRISTOPHER EPPS, ET AL                             DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 22nd day of October, 2008, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. John Butalla [hereinafter "Plaintiff"] appeared *pro se,* and Defendants were represented by attorneys Pelecia E. Hall and Charles B. Irvin, Office of the Attorney General of Mississippi, and Lee Thaggard, Meridian, Mississippi.

The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915A. This statute requires the Court to screen prisoner complaints when a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The provisions for the review are stated in the statute as follows:

> (b) **Grounds for dismissal.**----- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-----
>     (1) is frivolous, malicious, or fails to state a claim upon which relief
>     may be granted; or

1

> (2) seeks monetary relief from a defendant who is immune from such relief.

Although an initial screening was performed in this case prior to the entry of the Order directing that process be served on Defendants, this hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath. The hearing also facilitates the Court's intentions of insuring all parties the just, speedy and inexpensive determination of Plaintiff's claims. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

### 1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff has been incarcerated in the custody of the Mississippi Department of Corrections at the East Mississippi Correctional Facility ["CMCF"] since he was transferred there from Parchman on March 7, 2007. He has named approximately thirty-three defendants in this cause, most of whom are employees of MDOC and/or EMCF. Plaintiff testified under oath regarding the circumstances which led to his filing of the Complaint.

According to Plaintiff's sworn testimony, his case contains the following general claims:

1. He has been denied access to the courts;

2. These defendants failed to act regarding his claims of being sexually assaulted; they did not attempt to investigate;

3. He is unable to get phone calls to and from his attorneys;

4. Denial of due process due to the RVR procedures;

5. ARP system takes longer than it is supposed to;

6. The canteen services charge outrageous prices;

7. The staff lacks professional conduct; they make crude remarks.

According to Plaintiff, he has 18 claims involved in this lawsuit, and the claims are more particularly set forth in the Complaint.

Plaintiff charges that he is Catholic and is not allowed the proper diet during the Lenten season. The food he is fed at the prison is less than an FDA approved diet. The dining halls are dirty and have cockroaches and flies. The day beds in the common areas are also dirty. Once he had to go three weeks without soap.

The casemanagers are supposed to be mediators, but they do not do their jobs. They do not help prevent all the poor conditions. Plaintiff is overcharged for medical care. He is flatfooted and has carpal tunnel in both wrists; they should have classified him as Medical status 3, but he is classified as Medical status 2.

Plaintiff attempted to file his state court PCR in March, 2007, and was requesting cases from the librarian, Mrs. Covert. She stopped sending him cases, saying that he did not have an active file. He was convicted on May 4, 2005, and only had three years to file his PCR. He is limited to ten cases a week. He made a decision not to file his PCR prior to the deadline because of this. His constitutional right to access to the courts has been violated. He had no problem when the library when he was initially transferred from Parchman to EMCF in March, 2007. The library provisions were satisfactory at EMCF then until January, 2008. That is when they began limiting him to ten cases a week, and

this is insufficient. Mrs. Covert told him it was because "he did not have an active file." He wants physical access to the library.

Regina Capler is the hearing officer who heard an RVR against him in a disciplinary matter. She violated his rights by finding him guilty. David Petrie and Tracey Sanders could have accelerated his ARP but did not do so. Dr. Zoley is the CEO of the GEO group. He rewards behavior that should not be allowed and has supervisory powers over other Defendants. Dr. Gillespie is over the programs provided, such as law library, recreation, and educational. He is responsible for the problems. R. Buford and Mrs. Covert are over the law library and have violated his right to access to the Courts.

Unknown Cox is the kitchen supervisor and is responsible for the poor food. Ms. Farrell is over the laundry and is responsible for the dirty laundry. Mrs. Black is over the warehouse. Mrs. Graham, D. Smith, and Mr. Thrift are casemanagers who are not performing the job that they should. Chaplain Newbaker is responsible for helping prisoners maintain religious customs; he should have made sure that Plaintiff was allowed the proper Lenten meals.

Nurse Atwood is the medical administrator, and she usurped the doctors' role at the facility. She is who required him to wait three months to receive treatment after his assault. Dr. Dudley is no longer employed there, and she did not do anything "directly." When the sexual assault was brought to her attention, she failed to provide follow-up care. Hosey and Dr. Powe were also medical providers, and they failed to provide follow-up treatment for his mental health after the assault.

Major Robert Grubbs was the first step respondent on Plaintiff's RVR for sanitation and fire hazard. Major Young held a hearing in violation of due process. D. Smith did not follow up on the sexual harassment charges. Keefe Commissary Network runs the canteen, and it overcharges for its products. Terry Arnsdoff was identified as a John Doe Defendant, and he is over the telephones. He refuses to solve the problems with the phones.

Plaintiff's complaints were numerous, and all of his testimony is not set forth herein. As to the damages requested, Plaintiff testified that injunctive relief would satisfy many of his problems, but he also wants monetary damages. Besides compensation for his mental and emotional damages, Plaintiff wants physical access to the law library. Plaintiff suffered from no physical injury at the hand of any of these Defendants except that "freedom is physical."

### 2. **DISCOVERY ISSUES and PENDING MOTIONS**

In the event that a trial is scheduled in this case, defense counsel shall provide authenticated copies of Plaintiff's medical records and his MDOC file and disciplinary file to the Court at least thirty days prior to trial. Copies of same shall be tendered to Plaintiff at the same time.

Plaintiff requests the Court to appoint him counsel to represent him in this conditions of confinement action brought pursuant to 42 U.S.C. §1983 [#25 & #37]. There is no automatic right to counsel in a §1983 action, and unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. **Cupit v. Jones**, 835 F.2d 82, 86 (5th Cir. 1987). *See also*

**Castro Romero v. Becken**, 256 F.3d 349, 353-54 (5th Cir. 2001) (holding that there is no automatic right to appointment of counsel in civil rights cases); **Branch v. Cole**, 686 F.2d 264, 266 (5th Cir. 1982) (same). This Court has specifically considered (1) the type and complexity of this case; (2) whether Plaintiff is capable of adequately presenting his case; (3) whether Plaintiff is in a position to adequately investigate the case; and, (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses. **Ulmer v. Chancellor**, 691 F.2d 209, 212-213 (5th Cir. 1982).

Plaintiff has alleged that his conditions of his confinement and the medical care he received in EMCF were constitutionally inadequate. Claims such as these are fairly common among §1983 cases, and the Court is familiar with the applicable law. The claims are simple and straightforward and involve no complex theory of law which would require legal skills to develop. A review of the file in this case, including the pleadings, confirms that Plaintiff is capable of presenting the instant claims with limited assistance from the Court. Further, Plaintiff was articulate at the omnibus hearing; he was able to explain his claims to the Court. Plaintiff can obviously read and write. If a trial is conducted, the Court will be certain that Plaintiff's witnesses are brought to trial, and that the documents he needs are provided. The Court finds no exceptional circumstances which would justify appointing free counsel in this case. His motions to appoint counsel [#25 & #37] are HEREBY DENIED.

Plaintiff has requested to amend his complaint [#26 and #35]. In #26, Plaintiff requests to identify Defendant "John Doe II" as "MR. TERRY ARNSDOFF" and "D.

Grubbs" as "MAJOR ROBERT GRUBB." This motion to amend is HEREBY GRANTED, and the docket shall be altered accordingly. In #35, Plaintiff seeks to identify the JANE DOE Defendant as "C/S Willis." He also seeks to substitute Lt. Kino Reese for W. BOOKERT and Mr. Kelly for "C. THRIFT" and "MS. SMITH." The Complaint shall be amended to reflect the identity of the JANE DOE defendant as "C/S Willis," and defense counsel shall enter an appearance on her behalf. However, no process shall enter for Lt. Reese or Mr. Kelly, as no claim against these persons has been stated. The fact that these persons now perform the jobs of the defendants initially named does not create a cause of action against them. The instant complaint only covers the time period set forth in the complaint. The motion to amend [#35] is HEREBY GRANTED only to the extent that C/S Willis is substituted for Jane Doe.

Plaintiff filed a "Motion to compel defendants to process requests for administrative remedy/ grievance" [#29]. This Court has no authority to interfere with MDOC's policies regarding its administrative remedy procedures. Accordingly, the motion [#29] is HEREBY DENIED. Defense counsel made an *ore tenus* motion to dismiss based upon Plaintiff's failure to exhaust his administrative remedies. Defense counsel also made an *ore tenus* motion to dismiss based upon the merits of Plaintiff's claims. Appropriate written motions should be filed by defense counsel.

Plaintiff filed a "Motion to Certify Cause as a Class Action" [#36]. He names no proposed Plaintiffs. Apparently, Plaintiff simply wants to join all other inmates incarcerated at EMCF as plaintiffs. The Court finds that this complaint fails to meet the

7

legal standards regarding class actions, and his motion to certify the case as a class action [#36] is HEREBY DENIED.

There are no other discovery matters pending at this time, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

### 3. TRIAL WITNESSES

Plaintiff requested that twenty-six persons be brought to trial to testify on his behalf, including physicians and other health care professionals, MDOC officials, and prisoners. The Court explained to Plaintiff that the burden and expense of requiring all these persons to come to Jackson for a trial is prohibitive. Plaintiff was asked to select three inmate witnesses, and he chose the following:

1. WARREN S. GALLAHER, #129882, EMCF 2a-210

2. EDWARD L. THOMAS, #101300, EMCF

3. RANDY WIGGINS, MDOC

If a trial is conducted in this cause, these inmate witnesses will be brought to testify on his behalf, if they are still incarcerated in the care of the Mississippi Department of Corrections. Plaintiff may choose three employees of EMCF or MDOC as witnesses, and defense counsel will be directed to secure their presence voluntarily at any trial to be conducted in this cause.

8

Plaintiff is advised that he may call any free world witnesses; however, it will be his responsibility to secure these witnesses at the trial of this cause. Or, upon the payment of a $40 witness fee, plus mileage costs, along with the complete address of where the witness may be found, Plaintiff may request the Court to cause a subpoena to be issued for a free world witness. The request should be made at least 14 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

**4.    PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this Order shall stand in lieu of a pretrial order.   Pursuant to the consent of the parties, by Order [#31] filed November 14, 2008, Chief District Judge Henry T. Wingate assigned this case for all purposes to the undersigned Magistrate Judge.

IT IS, THEREFORE, ORDERED:

1. Any motions, dispositive or non-dispositive, shall be filed on or before October 23, 2009.
2. The motions set forth above, numbers 25, 26, 29, 35, 36, and 37, are hereby GRANTED and/or DENIED for the reasons set forth herein.
3. The Clerk is directed to amend the docket to reflect that Defendant JOHN DOE #2 is TERRY ARNSDOFF and Defendant JANE DOE is C/S WILLIS.

SO ORDERED, this the 3rd day of August, 2009.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE