# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JOHN BUTALLA**                                                                                   **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 4:08-CV-51-LRA**

**CHRISTOPHER EPPS, ET AL**                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

### I. Procedural Background

THIS CAUSE is before the undersigned United States Magistrate Judge for consideration of several motions for summary judgment: Defendant Infinity Networks, Inc.'s ("Infinity") Motion for Summary Judgment [Doc. 43], Defendants Ricardo Gillespie, Christy Covert, Cynthia Cox, Dorothy Ferrell, Patricia Black, Joyce Graham, Christopher Thrift, Chaplain John Newbaker, Willie Bookert, Sandra Atwood, Marshall Powe, Derrick Smith, Doris Smith, Fredrick Young, Carolyn Powe, Kevin Hosey, Bart Grimes, Dale Caskey, Robert Buford, Robert Grubb and George Zoley's ("GEO Defendants") Motion for Summary Judgment [Doc. 48], and Defendants Christopher Epps, Emmitt Sparkman, Lawrence Kelly, Lora Cole, David Petrie, Tracy Sanders and Regina Capler's ("Epps Defendants") Joinder in Co-Defendants' Motion for Summary Judgment [Doc. 50].[1]

The following Defendants have not been served with process: Dudley (whose service of process address is the same as the GEO Defendants' address), Berry and

---

[1] "Epps Defendants join" in GEO Defendants' Motion for Summary Judgment.

Liddell (whose service of process address is the same as the Epps Defendants' address), Keefe Commissary Network, Terry Arnsdoff and C/S Willis.[2]

Plaintiff John Butalla, #111667 ("Plaintiff") has not filed a written response to any of these Motions, but his sworn testimony given at the omnibus hearing conducted by the undersigned will be considered in rebuttal to the motions. In accordance with 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73, all parties voluntarily consented to the undersigned United States Magistrate Judge conducting proceedings in this case, including the entry of a final judgment [Doc. 30]. The case was reassigned by United States District Judge Henry T. Wingate to the undersigned by Order [Doc. 31] entered November 14, 2008.

After a review of the pleadings, including the sworn allegations in the Complaint, as well as Plaintiff's sworn testimony at the omnibus hearing held on October 22, 2008, and the applicable law, the undersigned finds that the above-referenced Motions for Summary Judgment should be granted, that the Complaint should be dismissed with prejudice, and that Final Judgment in favor of all Defendants should be granted.

## II. Facts

Plaintiff was, and continues to be, housed as an inmate at the East Mississippi Correctional Facility ("ECMF") at the time of the alleged ongoing events which led him to file this lawsuit. Plaintiff makes numerous claims regarding his confinement at EMCF, and many of these claims are unexhausted, as set forth hereafter. According to Plaintiff's sworn testimony, his case contains the following general claims:

1. He has been denied access to the courts;

---

[2]The Court finds that the same law is applicable to these Defendants.

2. These defendants failed to act regarding his claims of being sexually assaulted; they did not attempt to investigate;

3. He is unable to get phone calls to and from his attorneys;

4. Denial of due process due to the RVR procedures;

5. ARP system takes longer than it is supposed to;

6. The canteen services charge outrageous prices;

7. The staff lacks professional conduct; they make crude remarks.

According to Plaintiff, he has 18 claims involved in this lawsuit, and the claims are more particularly set forth in the Complaint. At the omnibus hearing, he described some of the claims as follows. Plaintiff charges that he is Catholic and is not allowed the proper diet during the Lenten season. The food he is fed at the prison is less than an FDA approved diet. The dining halls are dirty and have cockroaches and flies. The day beds in the common areas are also dirty. Once he had to go three weeks without soap.

The casemanagers are supposed to be mediators, but they do not do their jobs. They do not help prevent all the poor conditions. Plaintiff is overcharged for medical care. He is flatfooted and has carpal tunnel in both wrists; they should have classified him as Medical status 3, but he is classified as Medical status 2.

Plaintiff attempted to file his state court PCR in March, 2007, and was requesting cases from the librarian, Mrs. Covert. She stopped sending him cases, saying that he did not have an active file. He was convicted on May 4, 2005, and only had three years to file his PCR. He is limited to ten cases a week. He made a decision not to file his PCR prior to the deadline because of this. His constitutional right to access to the courts has been violated. He had no problem with the library when he was initially transferred from

Parchman to EMCF in March, 2007. The library provisions were satisfactory at EMCF then until January, 2008. That is when they began limiting him to ten cases a week, and this is insufficient. Mrs. Covert told him it was because "he did not have an active file." He wants physical access to the library.

Regina Capler is the hearing officer who heard an RVR against him in a disciplinary matter. She violated his rights by finding him guilty. David Petrie and Tracey Sanders could have accelerated his ARP but did not do so. Dr. Zoley is the CEO of the GEO group. He rewards behavior that should not be allowed and has supervisory powers over other Defendants. Dr. Gillespie is over the programs provided, such as law library, recreation, and educational. He is responsible for the problems. R. Buford and Mrs. Covert are over the law library and have violated his right to access to the Courts.

Defendant Cox is the kitchen supervisor and is responsible for the poor food. Ms. Farrell is over the laundry and is responsible for the dirty laundry. Mrs. Black is over the warehouse. Mrs. Graham, D. Smith, and Mr. Thrift are casemanagers who are not performing the job that they should. Chaplain Newbaker is responsible for helping prisoners maintain religious customs; he should have made sure that Plaintiff was allowed the proper Lenten meals.

Nurse Atwood is the medical administrator, and she usurped the doctors' role at the facility. She is who required him to wait three months to receive treatment after his assault. Dr. Dudley is no longer employed there, and she did not do anything "directly." When the sexual assault was brought to her attention, she failed to provide follow-up care. Hosey and Dr. Powe were also medical providers, and they failed to provide follow-up treatment for his mental health after the assault.

Major Robert Grubbs was the first step respondent on Plaintiff's RVR for sanitation and fire hazard. Major Young held a hearing in violation of due process. D. Smith did not follow up on the sexual harassment charges. Keefe Commissary Network runs the canteen, and it overcharges for its products. Terry Arnsdoff was identified as a John Doe Defendant, and he is over the telephones. He refuses to solve the problems with the phones.

Plaintiff's complaints were numerous, and all of his claims are not set forth herein. As to the damages requested, Plaintiff testified that injunctive relief would satisfy many of his problems, but he also wants monetary damages. Besides compensation for his mental and emotional damages, Plaintiff wants physical access to the law library. Plaintiff conceded that he suffered from no physical injury at the hand of any of these Defendants; he testified that his "freedom is physical."

### III. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir. 1989);

*Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Celotex*, at 322.

All of the undisputed facts, and any inferences that may be drawn from those facts, "must be viewed in the light most favorable to the non-moving party," who is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorable to him." *Miller v. Leathers*, 913 F.2d 1085, 1086 (4th Cir. 1990), quoting *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Again, summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists.

## IV. Legal Analysis

### Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, contains an "'invigorated' exhaustion provision, § 1997e(a)." *Woodford, et al. v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983 (2002)).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted.
> 42 U.S.C. § 1997e(a) (1995).

The PLRA requires a prisoner to "exhaust all 'available' remedies, not just those that meet federal standards. . . [A]s [the Supreme Court] held in *Booth*, a prisoner must now exhaust all administrative remedies even where the relief sought - monetary damages -

6

cannot be granted by the administrative process." *Woodford*, at 85 (citing *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819 (2001)). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford*, at 85 (citing *Booth*, at 739). Exhaustion is "required for any suit challenging prison conditions, not just for suits under § 1983." *Woodford*, at 85 (citing *Porter v. Nussle*, at 524).

In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, at 88, 93.

Defendants attached an affidavit by M. Lee Carmichael, ARP Co-ordinator, EMCF, which outlines Plaintiff's filings with the Administrative Remedy Program. *Motion for Summary Judgment*, Document 48-2, Exhibit 1. Plaintiff confirmed at his October 22, 2008, omnibus hearing that he exhausted administrative remedies as to only three of his claims. The first of the claims he exhausted is his claim regarding an RVR pertaining to his allegedly blowing smoke in a nurse's face at a different nonparty facility (Parchman). The second claim Plaintiff exhausted pertains to his receiving an RVR for having excessive books on his cell floor. Thirdly, Plaintiff exhausted a claim pertaining to a rash he had at another nonparty facility (Central Mississippi Correctional Facility).

Since his omnibus hearing, Plaintiff has also exhausted two more claims. The fourth claim Plaintiff has exhausted is his claim that certain property was not transferred with him from Parchman to the EMCF. The fifth and final claim he has exhausted is his claim that he was improperly denied a job as a tutor.

Plaintiff's remaining claims are premature based on his failure to properly exhaust administrative remedies. The Court finds that all of the unexhausted claims should be dismissed for that reason, and Plaintiff may return to the ARP program at MDOC if he chooses to proceed with the specified unexhausted claims. Alternatively, the Court has considered all of the claims Plaintiff stated and finds that none of his assertions set forth in the Complaint, as augmented by his testimony, rise to the level of constitutional violations and fail to state a claim upon which relief may be granted.

**Failure to State a Claim Upon Which Relief May Be Granted**

The Court finds that Plaintiff's allegations, taken in a light most favorable to him, simply do not rise to the level of constitutional violations. Harsh "conditions of confinement" may constitute cruel and unusual punishment unless such conditions are "part of the penalty that criminal offenders pay for their offenses against society." Whitley v. Albers, 475 U.S. 312, 319 (1985) *quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gillespie v. Crawford, 833 F.2d 47, 50 (5th Cir. 1987). In order to successfully prove an Eighth Amendment conditions of confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir.2001). This "risk must be of such a level that today's society would not tolerate it." *Id*. In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but

nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*; *see also* Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998).

A prisoner must show that the inflicting officer has exhibited "deliberate indifference" to the conditions. Wilson v. Seiter, 501 U.S. 294, 303 (1991). Mere negligence does not satisfy the "deliberate indifference" standard. *Id.* The prisoner must suffer from an **extreme deprivation** of any "minimal civilized measure of life's necessities." *Id.* at 304. Like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both the objective and subjective components. Davis v. Scott, 157 F.3 1003, 1006 (5th Cir. 1998), *citing* Hudson v. McMillian, 503 U.S. 1, 8 (1992). As the Court noted in Davis, since "[f]or the objective component, extreme deprivations are required to make out a conditions-of-confinements claim," and cannot be made, it is unnecessary to reach the subjective component.

In Plaintiff's case, neither the objective or subjective components can be met. For example, one of Plaintiff's exhausted claims regards his request that his RVR be reviewed for blowing smoke in a nurse's face and having too many books in his cell floor. These are certainly not "extreme deprivations" or conditions which could violate the Constitution. Plaintiff testified that he does receive food and clothing, as well as medical care. He has suffered no physical injuries due to his conditions of confinement and cannot show that his health is in jeopardy due to the conditions about which he complains.

Plaintiff contends that certain property was not transferred with him when he was transferred from Parchman to the EMCF. Thus, he claims that there was an intentional deprivation of his property by GEO and Epps Defendants, in violation of the due process

clause of the 14th Amendment. However, the Supreme Court has held that even the random and unauthorized act of a state prison official does not constitute a violation of due process if the state's post-deprivation remedy is adequate to satisfy the requirements of due process. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984); *see also*, *Holloway v. Walker*, 790 F.2d 1170, 1174 (5th Cir.), *cert. denied*, 107 S.Ct. 571 (1986). Moreover, the burden is on the complainant to show that the remedy is not adequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984).

In this case, Mississippi law provides a remedy for a person who has been deprived the ownership or use of property because of another's unauthorized acts of dominion or ownership. *See General Motors Acceptance Corp. v. Bates*, 954 F.2d 1081, 1086 n.5 (5th Cir. 1992). The Plaintiff has not availed himself of this remedy and he has in no way met his burden to show that this remedy is not adequate. Hence, he has not shown any violation of his right to due process and thus he has shown no loss that is cognizable under section 1983. *Marshall*, 741 F.2d at 764. For this reason, this claim must fail.

All of Plaintiff's exhausted claims are likewise frivolous, or he has failed to state a claim upon which relief may be granted. The Court has also considered his unexhausted claims on the merits and finds that all may be dismissed as frivolous and for failure to state a claim. "A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" *Moore v. McDonald*, 30 F.3d 616, 620 (5 th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in the law or fact." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5 th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on indisputably

meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Marcias v. Raul A. (Unknown), Badge No.* 153, 23 F.3d 94, 97 (5 th Cir. 1994 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Having heard Plaintiff's testimony regarding his conditions of confinement, the Court finds that none of the allegations rise to the level of constitutional violations.

### No Physical Injury

Plaintiff's claims are also deficient under Section 1983 because he fails to allege "physical injury" sufficient to support his claim for monetary damages. Specifically, the Prison Litigation Reform Act of 1996 includes the following requirement in 42 U.S.C. §1997e(e): " *No* Federal civil action *may be brought* by a prisoner confined in a jail, prison, or other correctional facility, *for mental or emotional injury* while in custody without a prior showing of physical injury." (Emphasis added). Buttala does not allege any physical "injuries" in this case but testified that his injuries were mental and emotional. Buttala testified that "freedom is physical." The Court rejects the contention that this constitutes a "physical injury" as required by PLRA.

Section 1997(e) "applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." See *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) citing *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). The Fifth Circuit has enforced the statutory physical injury requirement for prisoners who seek damages for intangible emotional or psychological harm, such as has been alleged by Buttala in this case. *Field v. Corrections Corp. of* America, 2010 WL 517679 (5th Cir. 2010); *Massingill*

*v. Livingston*, 277 Fed.Appx. 491, 493 (5th Cir. 2007); *Taylor v. Milton*, 124 Fed.Appx. 248 (5th Cir. 2005); *Harrison v. Smith,* 83 Fed.Appx. 630, 632 (5th Cir. 2003); *Criollo v. Wilson,* No. 02-21124, 2003 WL 22295491, at *1 (5th Cir. Oct. 7, 2003).

In this case, no physical injuries of any kind have been alleged by Buttalla as a result of his confinement at EMCF. As Section 1997e(e) provides and Fifth Circuit case law makes clear, Buttala is precluded as a matter of law from recovering compensatory damages for the psychological or other emotional injury he has asserted. Nominal or punitive damages may be awarded if a violation of the Constitution is set forth. *Hutchins*, 512 F.3d at 196 (§1997e(e)'s physical injury requirement does not limit a prisoner's ability to pursue nominal and punitive damages for a Fourth Amendment violation). However, the undersigned finds that the facts in Buttala's case, as alleged by him, are not sufficient to support a claim for punitive damages, or even nominal damages. See *Carey v. Piphus*, 435 U.S. 247, 266 (1978).

**Supervisory Liability**

Plaintiff does not contend that most of the named Defendants actually committed the acts of which he complains. He contends that they are liable because they are "responsible" for the officers who committed the infractions. However, there is no liability under section 1983 under a theory of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a "supervisory liability" or *respondeat superior* theory. *Ashcroft v. IQBAL, et al,* 129 S.Ct. 1937, 1948 (2009), citing *Monell*, 436 U.S. at 691. Each government-official defendant, through the official's own individual actions, must have violated the Constitution; they are not held accountable for the

12

misdeeds of their agents.  *Id.* at 1948-49.  Absent vicarious liability, each Government official is liable for his or her own misconduct.  *Id.*

Fifth Circuit precedent requires either *personal involvement by an individual Defendant* in the alleged violation, or the *enforcement of some policy or practice resulting in the constitutional deprivation.  Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (emphasis added); *Stewart v. Murphy*, 174 F.3d 530, 536-37 (5th Cir. 1999); *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999).  To maintain a § 1983 action, Plaintiff must prove that these Defendants were personally involved in the actions he complains of, or were responsible for the policy or custom giving rise to the constitutional deprivation.  *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).  Plaintiff herein makes no such allegations of personal involvement, and the Complaint should be dismissed on this additional basis. An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  Under the circumstances, wherein Plaintiff has not set forth any fact or testimony with which to show an intent to punish, or deliberate indifference, on the part of these individuals, the conditions complained of do not rise to the level of an Eighth Amendment or Fourteenth Amendment violation.  Plaintiff has shown no actual injury; he primarily claimed discomfort and the fear of becoming ill.  This does not rise to the level of an Eighth Amendment claim.  His vague allegations regarding Defendants' failure to help him get legal forms fail, also.

Having liberally construed the complaint in favor of Plaintiff, the Court finds that his claims are frivolous[3] and fail to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Since this case is dismissed pursuant to these provisions of the Prison Litigation Reform Act, it will be counted as a "strike." [4] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

THEREFORE, it is hereby ordered that this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A Final Judgment in favor of all Defendants shall be entered on this date.

**V. Conclusion**

---

[3] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995).

[4] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

For the reasons set forth herein, the Court finds that there are no genuine issues of material fact; that Defendants' motions are meritorious and shall be granted; and, that Final Judgment in favor of all Defendants shall be entered.

THEREFORE, it is hereby ordered that Defendants' Motions for Summary Judgment [#43 & 48] are GRANTED, that this case is dismissed with prejudice, and a Final Judgment in favor of Defendants shall be entered on this date.

IT IS SO ORDERED, this the 15th day of September, 2010.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE